No. 46,079

WARREN E. REDDING and THE WYANDOTTE COUNTY MOBILE HOMES ASSOCIATION, *Appellants,* v. JOHN O. SLAUGHTER, JR., as License Inspector of the City of Kansas City, Kansas, et al., *Appellees.*

(491 P. 2d 897)

Opinion filed December 11, 1971.

*Scott E. Jarvis,* of Topeka, argued the cause and was on the brief for the appellants.

*A. B. Howard,* of Kansas City, argued the cause and *C. W. Brenneisen, Jr.,* City Attorney, and *William C. Karnaze* and *Edward H. Powers II,* both of the Legal Department of the City Hall of Kansas City, were with him on the brief for the appellees.

The opinion of the court was delivered by

OWSLEY, J.: This is an action by Warren E. Redding and the Wyandotte County Mobile Homes Association to restrain John O. Slaughter, as License Inspector of Kansas City, Kansas, from enforcing Sections 37-48 and 37-49 (operating trailer court without a license) of the city's ordinances.

In the same proceedings the city filed an application to restrain the plaintiffs from operating their mobile home courts without first obtaining a license, and after a hearing before the trial court judgment was entered for the defendant permanently enjoining the plaintiffs from so doing. The plaintiffs appeal from this judgment.

A decision in the case follows a correct interpretation and construction of ordinances 37-1(4) and 37-1(6). The plaintiffs con-

tend that the ordinances are applicable to trailer courts as distinguished from mobile home courts and the defendants contend that the reference to trailer courts in said ordinances includes mobile home courts as operated by the plaintiffs. The ordinances are as follows:

"Sec. 37-1(4). *Trailer coach.* Any vehicle or structure designed and constructed in such manner as will permit occupancy thereof as sleeping quarters for one or more persons, or the conduct of any business, profession, occupation or trade (or use as a selling or advertising device), and so designed that it is or may be mounted on wheels and used as a conveyance on highways or city streets, propelled or drawn by its own or other motive power.

.  .  .  .  .  .  .  .  .  .  .  .  .  .

"Sec. 37-1(6). *Trailer court.* Any park, trailer park, trailer court, court, camp, site, lot parcel or tract of land designed, maintained or intended for the purpose of supplying a location or accommodations for any trailer coach or trailer coaches and upon which any trailer coach or trailer coaches are parked, including all buildings used or intended for use as part of the equipment thereof, whether a charge is made for the use of the trailer court and its facilities or not. 'Trailer court' shall not include automobile or trailer sales lots on which unoccupied trailers are parked for purposes of inspection and sale.

.  .  .  .  .  .  .  .  .  .  .  .  .  .

"Sec. 37-48. Required. It shall be unlawful for any person to establish, operate or maintain, or permit to be established, operated or maintained upon any property owned or controlled by him, a trailer court within the limits of the city, without having a current and valid license so to do issued by the city."

In 1967, the plaintiff Redding was acquitted in the District Court of Wyandotte County in a trial before a jury in which the central issue presented to the jury was whether said ordinances applied to Redding's mobile home court operation.

In 1969, complaints were filed against the plaintiff Redding and other members of the association under the same ordinances based on the theory that there was a continuing violation. On May 10, 1969, this action was filed.

In the trial before the court the only testimony introduced was that of Warren E. Redding, plaintiff, and that of Ray E. Fransham, President of the plaintiff mobile home association.

A summary of the evidence discloses these distinctions between a trailer court and a mobile home court. A trailer is a vehicle capable of being moved without a special permit while a mobile home requires a special permit. The tenants in a trailer court are more or less temporary while the tenants in a mobile home court are more or less permanent. The charge for occupying a trailer court is approximately three dollars to five dollars a day while the

charge for occupying a mobile home court is approximately one dollar per day. Guests of a trailer court are not taxed as residents while occupants of a mobile home court are taxed as residents. Trailer courts are required to collect state sales taxes while mobile home courts are not required to collect state sales taxes.

In addition to the foregoing, plaintiffs point out that the National Electrical Code has been substantially adopted by the city as its electrical code and it distinguishes between mobile homes and travel trailers. The code requires that for a mobile home the electrical nameplate show that the unit is wired for a 115/220 volt 40 or 50 ampere connection. The nameplate for a travel trailer is required to show wiring for a 110/125 volt AC service. The power supply for a mobile home is discussed as ranging from a minimum of 40 amperes to in excess of 100 amperes. The power supply for a travel trailer is discussed as ranging from beneath 15 to 30 amperes. The plaintiffs also state that Sec. 37-22 of the ordinances calls for electrial service for trailer coach spaces of 110/115 volts at not less than 30 amperes capacity and that this is in accord with the maximum anticipated under the National Electrical Code for travel trailers, but is far substandard to that required by the National Electrical Code for mobile home use.

Plaintiffs further argue that the city, in discussion of a proposed ordinance for zoning, intends to distinguish between mobile homes and travel trailers. We recognize that said ordinances were enacted in 1953 at a time when mobile homes and mobile home courts were in their infancy and had not reached the degree of popularity and extensive use that exists today. We feel that the evidence clearly establishes a distinction between trailer coaches and mobile homes. The city contends that even though these distinctions may exist the ordinances involved are broad enough to include the mobile home courts operated by the plaintiffs.

Sec. 37-1(4) defines a "trailer coach" as being a "vehicle or structure . . . used as a conveyance on highways or city streets. . . ." While all the other provisions of this ordinance could apply to both trailer coaches and mobile homes, as herein distinguished, we have difficulty of applying the excerpted portion of the ordinance to mobile homes. The word "conveyance" imports an act of transporting persons or property. A mobile home does not transport persons or property; to the contrary, a mobile home may be transported.

The ordinance is penal in nature and must be strictly construed the same as a criminal statute. It is a fundamental concept of individual human rights that a criminal statute should not be extended by the courts to include acts of conduct not clearly within the provisions of the statute. (*State v. Waite,* 156 Kan. 143, 131 P. 2d 708.)

We conclude that Sec. 37-1(4), defining a trailer coach, does not include a mobile home.

Sec. 37-1(6), defining a trailer court, provides that it is a place where a trailer coach may be located. Having concluded that a trailer coach does not include mobile homes, it also follows that a trailer court is not a place intended for use by mobile homes.

We hold that the provisions of 37-1(4) and 37-1(6) of the ordinances of Kansas City, Kansas, are not applicable to mobile home courts and that the injunction granted by the court should be set aside. We also hold that plaintiffs are entitled to an injunction against the defendants, enjoining them from prosecuting the plaintiffs for violations of the provisions of said ordinances. In view of our conclusions, appellants' other specifications of error need not be considered.

The judgment is reversed and remanded with directions.

O'CONNOR and PRAGER, JJ., not participating.